IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELVIN STOREY,                          )
                                        )
         Plaintiff,                     )
                                        )
v.                                      )     Case No. 2:23-cv-229-RAH-SMD
                                        )                 (WO)
DEON B. STEELE,                         )
                                        )
         Defendant.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Melvin Storey filed this 42 U.S.C. § 1983 action on April 25, 2023. (Doc. 1.) Defendant has since filed an Answer, Special Report, and supporting evidentiary materials denying Storey's allegations, specifically asserting that Storey cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims. (Doc. 33.) On March 12, 2024, the Court entered an order instructing Storey to file a response to Defendant's materials by April 3, 2024, and informing Storey that his failure to file a response would result in a recommendation that this case be dismissed for failure to prosecute. (Doc. 35 at 1.) To date, Storey has not filed a response to Defendant's materials or otherwise complied with the Court's order of March 12, 2024.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Based on the above, the undersigned concludes that this case is due be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that in general where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by September 4, 2024, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and it is therefore not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" accepted or adopted by the District Court except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark*

*Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of August, 2024.

 /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE